PONDER, Judge.
Plaintiff appealed from the judgment dismissing its claim for increased payment on a contract.
The issue is the validity of the holding that defendant was not liable beyond the contracted price.
We affirm.
Plaintiff bid on some electronic equipment for a ship defendant was building on contract. Defendant used this bid in entering into the contract. Seven months later plaintiff advised defendant of an increase in prices. Defendant, after consulting with its client, agreed to this price increase but advised there would be no approval on further increases. Before the equipment was installed, plaintiff, by general circular, advised of additional increases. Defendant made no response. After several change orders were approved and after the equipment was installed, plaintiff billed defendant at the increased prices. Defendant paid the bill except for the increases in the price of the equipment originally contracted for.
Plaintiff relies upon quantum meruit, upon an escalation clause in the bid documents and on an implied contract arising from the change orders, adding and deleting equipment.
*196 Plaintiff asserts that there was no contract because there was no meeting of the minds on price citing LSA-C.C. Arts. 1779,[1] 2439,[2] and 2464.[3] The lower court found that there was a contract and we agree. The facts that the prices to plaintiff from its supplier rose, that one price increase was approved and that change orders were made do not militate against the fact that the parties agreed to the price of the thing and signed a contract. We agree with the trial judge that there was a contract.
The contract contained the following provision:
“Prices are' based on existing tariff, duty and exchange rates and may be varied in accordance with any change in those rates between the date hereon and the shipping date.”
The lower court found the provision inapplicable because plaintiff did not prove that the price increase was caused by variation in the tariff, duty or exchange rate. There is evidence to support this conclusion and we therefore find no error.
The plaintiff’s contention is that there was an implied contract for the sale of the thing at the increased prices. We find there was a contract. We believe in like manner that that contract was not impliedly amended so as to be at the higher prices. Defendant agreed to one price increase and paid that amount. It gave notice at that time that no further increases would be approved and none were either expressly or impliedly. We find Stupp Corp. v. Con-Plex, Div. of U.S. Industries, 344 So.2d 394 (La.App. 1st Cir. 1977) inapplicable.
For these reasons the judgment is affirmed at appellant’s costs.
AFFIRMED.

. LSA-C.C. Art. 1779:
“Four requisites are necessary to the validity of a contract:
“1. Parties legally capable of contracting.
“2. Their consent legally given.
“3. A certain object, which forms the matter of agreement.
“4. A lawful purpose.”

. LSA-C.C. Art. 2439:
“The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
“Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent.”

.LSA-C.C. Art. 2464:
“The price of the sale must be certain, that is to say, fixed and determined by the parties.
“It ought to consist of a sum of money, otherwise it would be considered as an exchange.
“It ought to be serious, that is to say, there should have been a serious and true agreement that it should be paid.
“It ought not be out of all proportion with the value of the thing; for instance the sale of a plantation for a dollar could not be considered as a fair sale; it would be considered as a donation disguised.”